UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MICHAEL K. PETERSON,

                Plaintiff,

  -against-

LONG ISLAND RAILROAD COMPANY,

                Defendant.
-------------------------------------------------x

MEMORANDUM AND ORDER
10 Civ. 480 (ILG)

GLASSER, United States Senior District Judge:

Plaintiff Michael K. Peterson ("Peterson" or "plaintiff") brought this action against his former-employer, defendant Long Island Rail Road Company ("LIRR") alleging retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. and race-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. LIRR now moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the Court denies LIRR's motion.

FACTS

The facts as set forth below are drawn from the complaint, the allegations of which the Court accepts as true solely for purposes of this motion to dismiss. Plaintiff, an African-American male, worked for defendant from approximately June 1997 until some point in 2008. See dkt. #1 ("Complaint") ¶ 14, 19. Peterson began his employment at LIRR as an Assistant Signalman and was promoted to Electrician in 1999, a position he maintained for the remainder of his time with LIRR. Id. ¶ 20-21. Beginning in June 2007, Peterson requested, and was granted, "intermittent" leave under FMLA in order to

1

care for his wife who suffered from hypertension. Id.¶22. As a result of taking this leave, Peterson claims that he was subjected to harassment and disparate treatment by his supervisors, including "excessive scrutiny" and "verbal harassment." Id.¶23-24. In the course of a May 14, 2008, incident, Peterson's white supervisor, Vito Dorsi, made derogatory comments about Peterson taking FMLA leave, including an accusation that Peterson was abusing the leave. Id.¶28. Dorsi also referred to Peterson as "you people," referring to Peterson "and other African-Americans on FMLA." Id.¶27.[1]

On June 26, 2008, plaintiff was "taken out of service and falsely charged with assaulting two other employees, threatening a supervisor with physical harm, and conduct unbecoming an employee" based on events that had occurred on May 14, the same date on which the alleged retaliatory and discriminatory comments by Dorsi were made. Complaint¶29. In June or July 2008, Peterson attended a disciplinary hearing on the charges against him, but LIRR never took a statement from him, never provided him with a statement of charges nor did it afford Peterson an opportunity to respond to those charges in writing. Id.¶30-32. Following the hearing, LIRR dismissed Peterson. His union appealed that determination and the punishment was thereafter reduced to a suspension of approximately five and one-half months. Id.¶33-34. Peterson alleges that, regardless of his ability to return to work, the harassment and retaliation he experienced amounted to a constructive discharge. Id.¶36.

---

[1] Peterson alleges that "at least one supervisor has been heard complaining about employees taking FMLA leave in general, and specifically the Plaintiff's FMLA leave." Complaint¶25. It is reasonable to infer that the "one supervisor" refers to Mr. Dorsi, who is alleged to have complained about Peterson's FMLA leave and that of other African-American employees.

2

Prior to these events, Peterson had a "clean disciplinary record," id. ¶26, and he claims that, "[s]imilarly situated white employees who are guilty of equivalent and even more serious offenses are not punished as severely" as he was. Id. ¶35. He claims that the treatment he experienced amounted to retaliation in response to his exercise of FMLA rights and race discrimination in violation of Title VII.

DISCUSSION

## I. Standard of Review

On a motion to dismiss, a district court should assess the formal feasibility of the plaintiff's claim for relief rather than weigh the evidence that might be offered to support it. Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir.2006). The court must construe in the plaintiff's favor all well-pleaded allegations in the complaint. Strougo v. Bassini, 282 F.3d 162, 167 (2d Cir.2002). To be sufficient, a complaint not only must include a short, plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), but also "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombley, 550 U.S. 544 (2007) (internal citations omitted).

## II. Peterson's FMLA Claim

FMLA grants eligible employees the right to a total of 12 work weeks per year of unpaid leave in order to care for a spouse or immediate family member with a serious

health condition.  29 U.S.C.§2612(a)(1)(C).  Employees who utilize such leave must be allowed to return to a prior position or an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C.§ 2614(a)(1)(B).  FMLA creates a private right of action for employees whose employers "interfere with, restrain, or deny the exercise of FMLA rights." <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445 F.3d 161, 174 (2d Cir. 2006) (quoting <u>Nev. Dep't of Human Res. v. Hibbs</u>, 538 U.S. 721, 724-25 (2003)).

    The Second Circuit has organized FMLA claims into two categories: "interference" and "retaliation." <u>Potenza v. City of New York</u>, 365 F.3d 165, 167 (2d Cir. 2004).  In order to establish a prima facie case of retaliation an employee must demonstrate that: (1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.  <u>Id</u>. at 168. However, a complaint asserting an employment discrimination claim, including an FMLA retaliation claim, need not plead specific facts establishing a prima facie case of discrimination in order to survive a motion to dismiss.  See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514-15 (2002) (holding that a Title VII complaint need not allege "specific facts establishing a prima facie case of discrimination" under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), in order to survive a motion to dismiss); <u>Harper v. New York City Housing Auth.</u>, 673 F. Supp. 2d 174, 179 (S.D.N.Y. 2009) (applying the <u>Swierkiewicz</u> rule to a FMLA retaliation claim).  Rather, at this stage a plaintiff need only plead facts sufficient to: (1) "state a claim to relief that is plausible on its face," <u>Harper</u>, 673 F. Supp. 2d at 179 (citing <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009));

and (2) "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (quoting Swierkiewicz, 534 U.S. at 515).

Applying these principles to this case it is clear that the complaint sufficiently alleges a claim of FMLA retaliation. The complaint alleges that Peterson exercised "intermittent" FMLA leave in order to care for his ailing spouse. It also alleges that Peterson's supervisor made degrading comments to Peterson, including accusing Peterson of abusing his FMLA rights to time off. Based on incidents that occurred on the same day as these comments, Peterson was "falsely charged" with assault and other charges. Whereas LIRR employees accused of misconduct are "typically given a statement of charges [and an] opportunity to rebut" them, Peterson was denied both. These allegations—essentially a litany of adverse employment actions arising under circumstances closely connected to Peterson's exercise of his right to FMLA leave—are sufficient to state a claim for relief that is plausible on its face and more than sufficient to give LIRR fair notice of Peterson's FMLA retaliation claim.

LIRR argues that the complaint does not sufficiently allege that Peterson exercised his rights under FMLA. This argument is curious in light of paragraph 22 of the complaint which states that Peterson "requested, and was granted, intermittent leave under" FMLA from June 2007 until May 2008. Shark v. City of New York, 03 Civ. 2616, 2008 WL 4444122 (S.D.N.Y. Sept. 29, 2008), upon which LIRR relies provides no support for dismissal of Peterson's FMLA claim. In that case, the district court granted summary judgment to the defendant because the plaintiff, following discovery, had failed to produce evidence that his child had a "serious health condition" entitling plaintiff

5

to FMLA leave.  Id. at *5. But unlike the plaintiff in Shark, Peterson is not required to produce any evidence of his wife's condition at this stage because he is resisting a motion to dismiss and not a motion for summary judgment.  Whereas a party opposing summary judgment, "may not rely merely on allegations or denials in its own pleading," Fed. R. Civ. P. 56(e)(2), a party resisting a motion pursuant to Rule 12(b)(6) is entitled to do precisely that and will prevail so long as those allegations state a facially plausible claim and provide to the defendant fair notice of that claim.  The FMLA-related allegations of Peterson's complaint do both.

LIRR also argues that Peterson has failed to sufficiently plead his constructive discharge.  Peterson correctly points out that constructive discharge is not an essential element of his FMLA claim without which the claim fails.  Peterson's complaint pleads constructive discharge as one among several adverse employment actions LIRR allegedly took against him on the basis of his exercise of FMLA rights.  Therefore any failure to sufficiently allege "a work atmosphere so intolerable that [Peterson was] forced to quit involuntarily," is not fatal to his FMLA claim.  Milne v. Navigant Consulting, No. 08 Civ. 8964, 2009 WL 4437412, at *8-9 (S.D.N.Y. Nov. 30, 2009) (citing Terry v. Ashcroft, 336 F.3d 128, 152 (2d Cir. 2003)).  The other adverse employment actions alleged in the complaint, including the charges filed against Peterson and the "highly unusual," Complaint ¶ 30, procedures by which those charges were adjudicated constitute sufficient allegations of adverse employment actions in order to survive a motion to dismiss.

### III.    Peterson's Title VII Race Discrimination Claim

To prevail on a Title VII disparate treatment claim based upon membership in a racial group, a plaintiff must ultimately prove that (1) he is a member of a protected class; (2) he is competent to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in that racial group.  See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005).  As with Peterson's FMLA claim, he is not required to plead each element of disparate treatment, but rather must plead a facially plausible claim with sufficient facts to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests." Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir. 2008).

LIRR argues that Peterson's Title VII claim is "patently implausible" because it is grounded upon only two allegations of race-based treatment: Dorsi's reference to Peterson as, "you people" (referring to Peterson and other African Americans who exercised FMLA rights), and the allegation that white employees are subject to less severe punishment for substantially similar conduct as the conduct which caused Peterson's five and a half month suspension.  With respect to the latter allegation, LIRR argues that in order to survive a motion to dismiss Peterson is required to plead "comparators," that is, specific instances where white employees were punished less severely for substantially similar conduct.  However, LIRR cites no support for such a rule and the Court is not aware that such a rule exists in this Circuit.

The only support cited by LIRR in support of dismissal of Peterson's Title VII claim is Mitchell v. Project Renewal, No. 09 Civ. 1958, 2010 WL 481348 (S.D.N.Y. Feb. 1, 2010), where the district court dismissed a pro se plaintiff's race discrimination claim because

7

the complaint "provided a single conclusory allegation: 'I believe because I was African American, [plaintiff's supervisor] felt like I wasn't good enough to be a supervisor.'" Id. at *3. Peterson's complaint does more than allege a baseless belief that he was a victim of race discrimination. It alleges that Dorsi referred to Plaintiff as, "you people," which Peterson interpreted as a comment against African American employees who exercised FMLA leave. It also alleges disparate discipline between the punishment meted out to Peterson and the punishment regularly imposed on similarly-situated white employees.[2] The allegations, which the Court accepts as true to the extent they are not legal conclusions, sufficiently provide LIRR with notice of Peterson's claim that he was punished more severely than white coworkers in like circumstances, in part because he exercised rights under FMLA and in part because he is African American. That is all Peterson is required to do at this stage and therefore LIRR's motion must be denied. See, e.g., Washington v. Coney Island Hosp., No. 04-4096, 2006 WL 3337513, at *6 (E.D.N.Y. Oct. 31, 2006) (denying motion to dismiss where plaintiff alleged "examples and relevant dates of the alleged discrimination she encountered").

CONCLUSION

---

[2] LIRR complains that that Peterson has failed to plead "even one incident of alleged disparate discipline with particularity," Reply at 4, but nowhere explains why such particularity is required. Cf. Fed. R. Civ. P. 9(b)-(c) (requiring a party to allege with particularity fraud, mistake or denials that a condition precedent has occurred or been performed).

For the foregoing reasons, the Court denies defendant's motion to dismiss the complaint for failure to state a claim.

**SO ORDERED.**

Dated:  Brooklyn, New York
        June 30, 2010

                                        _____/s/_____
                                        I. Leo Glasser
                                        United States Senior District Judge


**Copies of the foregoing memorandum and order were electronically sent to:**

**<u>Counsel for Plaintiff</u>:**

Jason L. Abelove
Law Offices of Jason Abelove
666 Old Country Road
Suite 304
Garden City, NY 11530

**<u>Counsel for Defendant</u>:**

Priscilla Lundin
MTA Long Island Rail Road Legal Department
Jamaica Station
Mail Code 1143
Jamaica, NY 11435